IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GARY B. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:14CV126–HEH |
| ) | |
| GREGORY HOLLOWAY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
(Granting Respondent's Motion to Dismiss)

Gary B. Williams ("Williams"), a Virginia inmate proceeding *pro se* and *in forma pauperis,* filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his probation revocation in the Circuit Court for the City of Richmond, Virginia. Respondent Gregory Holloway ("Respondent") now moves to dismiss the § 2254 Petition (ECF No. 8), and Williams has responded thereto (ECF No 12). The matter is now ripe for disposition.

On February 25, 2014, the Court received Williams's § 2254 Petition. In his § 2254 Petition, Williams contends:

> Claim One: The state court lacked subject matter jurisdiction to enter a final judgment in the revocation proceedings. (§ 2254 Pet. at 6.)[1]
>
> Claim Two: He was "[d]enied right to direct appeal by unwanted counsel." (*Id.* at 7.)
>
> Claim Three: He was "[d]enied the right to testify in own behalf and to introduce material evidence in own behalf by biased trial court." (*Id.* at 9.)

---

[1] The Court corrects the capitalization in the quotations from Williams's submissions.

> Claim Four: The "[s]tate revocation proceeding [was] unlawful in violation of plea agreement terms, and also result of unlawful sentencing . . . ." (*Id.* at 11.)

For the reasons stated herein, the Court finds that Williams's claims are defaulted and lack merit.

## I. PROCEDURAL HISTORY

On December 9, 2005, pursuant to a plea agreement, Williams pled guilty to one count of involuntary manslaughter in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). The Circuit Court sentenced Williams to five years of imprisonment with three years and eleven months suspended, resulting in a total active sentence of one year and one month of imprisonment. *Commonwealth v. Williams*, No. CR04-F-4668, at 1–2 (Va. Cir. Ct. Dec. 9, 2005).

On December 3, 2008, following Williams's indictment in this Court for narcotics violations, the Circuit Court ordered Williams to show cause as to why the suspended portion of his December 9, 2005 sentence should not be revoked. *Commonwealth v. Williams*, No. 04-F-4668-01/BBC, at 1 (Va. Cir. Ct. Dec. 3, 2008).[2] On March 27, 2012,

---

[2] Prior to the Circuit Court's entry of final judgment in his probation revocation proceeding, Williams inundated the state courts and this Court with frivolous filings. On April 10, 2011, Williams filed a petition for a writ of habeas corpus in the Court of Appeals of Virginia challenging his ongoing probation revocation proceedings ("First State Habeas"). "Finding no exceptional circumstances in this case justifying exercise of [the Court of Appeals of Virginia's] original jurisdiction," the Court of Appeals of Virginia dismissed the petition without prejudice to file in the appropriate court. *Williams v. Simons*, No. 0745-11-2 (Va. Ct. App. June 3, 2011).
    On June 20, 2011, Williams executed a petition for a writ of habeas corpus directed to the Supreme Court of Virginia challenging both his December 9, 2005 conviction and his ongoing revocation proceedings ("Second State Habeas"). On August 11, 2011, the Supreme Court of Virginia dismissed the petition as untimely. *Williams v. Superintendent, W. Tidewater Reg'l Jail*, No. 111165 (Va. Aug. 11, 2011).

2

the Circuit Court found that Williams violated the terms of his December 9, 2005 suspended sentence. *Commonwealth v. Williams*, No. CR04-F-4668, at 1–2 (Va. Cir. Ct. Mar. 27, 2012). Accordingly, the Circuit Court revoked the previously suspended sentence, ordering Williams to serve three years and eleven months of imprisonment. *Id.* Williams filed no direct appeal.[3]

### C. State Habeas

On January 30, 2013, Williams filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Williams v. Dir. of the Dep't of Corr.*, No. 130213 (Va. filed Jan. 30, 2013). In his state habeas petition, Williams raised claims similar to those in the present § 2254 Petition. By Order entered August 12, 2013, the Supreme Court of Virginia found that both Claims One and Two lacked merit and Williams defaulted Claims Three and Four under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) because Williams failed to raise these claims on direct appeal. *Williams v. Dir. of the Dep't of Corr.*, No. 130213, at 1–4 (Va. May 1, 2013).

---

[3] On August 23, 2011, Williams filed a § 2254 Petition in this Court challenging his underlying conviction and ongoing revocation proceedings. *Williams v. Smith*, No. 3:11CV578–HEH, 2012 WL 3985609, at *1 (E.D. Va. Sept. 11, 2012). On September 11, 2012, this Court dismissed Williams's § 2254 petition without prejudice to allow him the opportunity to exhaust his remedies in state court as to challenges regarding the revocation proceeding. *Id.* at *4–5.
    On January 24, 2012, Williams filed a Petition for Removal seeking removal of vaguely identified criminal proceedings in the Circuit Court. *Williams v. Richmond Cir. Ct.*, No. 3:12CV55–HEH (E.D. Va. filed Jan. 24, 2012) (ECF No. 1). On April 29, 2013, the Court remanded the action to state court. *Williams v. Richmond Cir. Ct.*, No. 3:12CV55–HEH, 2013 WL 1856237, at *3 (E.D. Va. Apr. 29, 2013).

3

## II. CLAIM ONE AND TWO LACK MERIT

### A. Claim One

In Claim One, Williams contends that the Circuit Court lacked subject matter jurisdiction to enter a final judgment in the revocation proceedings because he "moved state criminal revocation proceedings to [this Court] in January of 2012." (§ 2254 Pet. at 6.)[4] In other words, the Circuit Court, William avers, improperly found him guilty and revoked his probation. Williams's contention, however, is mistaken because the Circuit Court was never divested of jurisdiction over the probation revocation proceedings. Indeed, the federal removal statute is clear as to a state court's jurisdiction under these circumstances:

> **(b) Requirements.--(1)** A notice of removal of a *criminal prosecution* shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> . . .
>
> **(3)** The filing of a notice of removal of *criminal prosecution* shall not prevent the State court in which such prosecution is pending from proceeding further, except that a *judgment of conviction* shall not be entered unless the prosecution is first remanded.

28 U.S.C. § 1455(b)(1), (3) (emphasis added).

At the time Williams filed the Notice of Removal, there was no pending criminal prosecution against him in the Circuit Court to be removed to federal court. To the

---

[4] By Memorandum Opinion and Order entered April 29, 2013, the Court noted that contrary to Williams's vague suggestion that he was removing a criminal prosecution, it appeared that "Williams's Richmond prosecution involved probation revocation proceedings." *Williams*, 2013 WL 1856237, at *1 n.1. The Court found that Williams "failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court" and remanded the matter to the Circuit Court. *Id.* at *3.

4

contrary, Williams's criminal prosecution concluded in 2005 when the Circuit Court entered the judgment of conviction. *See Dema v. Arizona*, No. CV-07-0726, 2008 WL 2941167, at *10 (D. Ariz. July 25, 2008). Here, Williams was before the Circuit Court as a result of violating the terms of his probation in conjunction with having pending probation revocation proceedings. Simply stated, when revoking Williams's probation and ordering the previously suspended sentence into execution, "the State court did not enter a judgment of conviction; rather, it merely found [Williams] in violation of his probation." *Id.* Consequently, to the extent Williams suggests the Circuit Court violated § 1455(b)(3) when revoking his probation, he is misconstruing the federal removal statute. *Id.* Accordingly, Claim One lacks merit and will be dismissed.[5]

### B. Claim Two

In Claim Two, Williams argues that he was "[d]enied [the] right to direct appeal by unwanted counsel." (§ 2254 Pet. at 7.) To establish this claim, Williams explains that the Circuit Court forced counsel upon him and the "unwanted counsel filed no appeal."

---

[5] On January 24, 2012, Williams filed the Petition for Removal seeking removal of vaguely identified criminal proceedings in the Circuit Court. *Williams v. Richmond Cir. Ct.*, No. 3:12CV55–HEH (E.D. Va. Jan. 24, 2012) (ECF No. 1.) As a result, any such notice of removal was clearly untimely, as the Notice of Removal was filed years after the state criminal prosecution concluded. Williams failed to seek leave to file a late notice of removal. Because Williams failed to file a timely notice of removal, this Court never assumed jurisdiction over the revocation proceedings, and the Circuit Court was not deprived of jurisdiction to revoke Williams's probation. *See Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); *Trammell v. United States*, No. Civ.A.02-1478-KAJ, 2004 WL 2830647, at *2 (D. De. Nov. 29, 2004); *see also Iowa v. Johnson*, 976 F. Supp. 812, 814–15 (N.D. Iowa 1997); *In re Oke*, 436 F. App'x 138, 139 n.2 (3d Cir. 2011) ("Oke proceeds under the assumption that his notice of removal deprived the state court of jurisdiction. He is incorrect.")
    The cases cited here reference 28 U.S.C. § 1446(c)(1)–(3) which formerly addressed the procedure for removal of criminal prosecutions. In 2011, Congress moved the procedure for removal of criminal prosecutions to 28 U.S.C. § 1455 and now § 1446 addresses only the removal of civil actions. Pub. L. 112–13, § 103(c), 125 Stat. 761 (2011).

*Id.* at 7. Moreover, Williams argues that by denying his motion to dismiss the unwanted counsel, the Circuit Court "is ultimately responsible for the petitioner being denied his 6th and 14th right to self-representation and his right to direct appeal of federal rights violations . . . ." (*Id.* at 16.)

The right to counsel, if any, at a probation revocation hearing flows from the Due Process Clause of the Fourteenth Amendment[6] rather than the Sixth Amendment.[7] *See Muse v. Brown*, No. 3:12cv140–HEH, 2013 WL 819729, at *3–5 (E.D. Va. Mar. 5, 2013) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Taylor*, 414 F.3d 528, 535–36 (4th Cir. 2005)).[8] Most importantly, any right to counsel at a probation revocation hearing only arises in limited instances. *Id.* Generally, counsel should be appointed where the probationer requests counsel

> based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Muse*, 2013 WL 819729, at *3 (quoting *Gagnon*, 411 U.S. at 790).

In summarizing and rejecting Claim Two for lack of merit, the Supreme Court of Virginia explained:

---

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[7] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[8] The fact that Williams had counsel during the revocation proceeding fails to confer a constitutional right to counsel. *See Muse*, 2013 WL 819729, at *3–4.

6

> Petitioner alleges counsel refused to file a notice of appeal in retaliation for petitioner attempting to dismiss him as counsel and filing a suit against him in federal court. Petitioner further alleges counsel was protecting the trial judge and prosecutor from having evidence introduced that proved petitioner's innocence and proved misconduct by the trial judge and prosecutor.
> The Court rejects [C]laim (2) because there is no constitutional right to counsel at a probation revocation hearing, *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973), and consequently no right to counsel on appeal. *See Wainright v. Torna*, 455 U.S. 586, 587–88 (1982).

*Williams v. Dir. of the Dep't of Corr.*, No. 130213, at 2 (Va. Aug. 12, 2013).

Williams fails to demonstrate the Supreme Court of Virginia's conclusion, that he lacked a constitutional right to counsel at his revocation hearing or on appeal, is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d). First, as Williams was convicted of new felonies, *see Williams v. Clarke*, No. 3:13CV126–HEH, 2014 WL 3640344, at *1 (E.D. Va. July 22, 2014) (citation omitted), he clearly failed to present a colorable claim of innocence for the probation violation. *See Gagnon*, 411 U.S. at 790. Second, Williams articulated no substantial reason justifying or mitigating his violation. *Id.* "Because Williams had no constitutional right to counsel at the revocation hearing, he had no constitutional right to have counsel file an appeal from that hearing." *Williams v. Clarke*, No. 3:11CV417, 2013 WL 458545, at *5 (E.D. Va. Feb. 6, 2013) (citations omitted). Accordingly, Williams lacked entitlement to counsel during his revocation proceeding or for an appeal.

To the extent that Williams claims he was "denied the right to direct appeal due to being denied the right to self[-]representation . . ." (Pet'r's Resp. 11), he fails to present

7

any reasonable argument as to how counsel can be faulted for Williams's failure to file a *pro se* appeal and represent himself on appeal.

For these reasons, Claim Two will be dismissed.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

#### A. Applicable Law

Before a state prisoner may bring a § 2254 petition in federal district court, the prisoner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This principle of state exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion has two facets. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

8

The second facet of exhaustion requires a petitioner to offer state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "'both the operative facts and the controlling legal principles'" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now

find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[9] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or a fundamental miscarriage of justice due to his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### B. Williams Has Defaulted Claims Three and Four

The Supreme Court of Virginia held that Claims Three and Four were barred from review because of Williams's failure to raise the claims at trial and on direct appeal. *Williams*, No. 130213, at 2–3 (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Additionally, the Supreme Court of Virginia held that portion of Claim Four, namely the faulting of the Circuit Court for failing to amend a sentencing order, was barred by section 8.01–654(A)(2) of the Virginia Code. *Williams*, No. 130213, at 3–4. Like *Slayton*, Section 8.01–654(A)(2) constitutes an adequate and independent procedural rule when so applied. *Speller v. Johnson*, No. 3:09CV463, 2012 WL 1038624, at *7 (E.D. Va. Mar. 27, 2012). Thus, Williams procedurally defaulted Claims Three and Four.

---

[9] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

### C. Williams's Arguments Do Not Establish Cause Excusing Default

Despite the procedural default of Claims Three and Four, this Court may review these procedurally defaulted claims if Williams establishes either cause and prejudice or actual innocence. *Breard*, 134 F.3d at 620. "Cause" in this context means an "objective factor external to the defense" sufficient to thwart an actual attempt to correctly file the claims in state court. *McNeill v. Polk*, 476 F.3d 206, 214 (4th Cir. 2007) (citation omitted) (internal quotation marks omitted). The court need not consider the issue of prejudice in the absence of cause. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (citation omitted). Williams provides a rambling list of "Exceptions to Procedural Default Rule" (Resp. to Resp't Mot. to Dismiss, ECF No. 12, Ex. 1 thereto, Exceptions to Procedural Default Rule ("Exceptions").) outlining his arguments for cause and prejudice. The arguments presented therein fail to satisfy either standard.

#### 1. Removal

Williams provides two arguments for "cause" and "prejudice." Williams first claims that he lacked the ability to litigate his state probation revocation appeal in light of his decision to remove the case to federal court. Williams was represented by counsel at the time he made the conscious decision to file a *pro se* removal of his case to federal court. Yet, inexplicably, Williams now advances the argument that this decision prevented him or counsel from litigating his state claims. No amount of inventiveness will render Williams's personal actions in removing the case an "objective factor external to the defense." *McNeill*, 476 F.3d at 214 (citation omitted) (internal quotation marks omitted). Moreover, Williams fails to explain how his frivolous attempts to remove the

probation revocation to federal court prevented him from raising any claims in state court. Since Williams's decision to remove the case to federal court does not constitute an objective factor external to the defense, Williams fails to demonstrate cause to excuse his default.

### 2. Ineffective Assistance of Counsel

Next, Williams suggests that "unwanted" counsel serves as the cause for the default of his claims. In particular, William argues that counsel neither represented him as he desired nor filed an appeal. (Exceptions at 3–4.) As previously noted regarding Claim Two, Williams lacked constitutional entitlement to counsel during revocation proceedings and on direct appeal. Thus, counsel's actions fail to serve as cause for the default of Claims Three and Four. *See generally Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). For the same reason, Williams demonstrates no resulting prejudice. Moreover, Williams explains that he sought to represent himself, but nevertheless faults "unwanted" counsel for failing to file an appeal. If Williams desired to file an appeal, he had every right to file a *pro se* appeal and he failed to do so. Williams's failure to file a *pro se* appeal is not an "objective factor external to the defense." *McNeill*, 476 F.3d at 214 (citation omitted). Indeed, the failure lies with Williams. As Williams fails to demonstrate cause and any resulting prejudice, Claims Three and Four are barred from review here.

### IV. CONCLUSION

Respondents' Motion to Dismiss will be granted. The § 2254 Petition will be denied. The action will be dismissed.

12

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). For the foregoing reasons, Williams fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 31, 2014
Richmond, Virginia